IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

v.         No. CR 15-4407 RB

RUMALDO VARELA ENRIQUEZ,

    Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Defendant's Motion for Reduction of Sentence Pursuant to 18 U.S.C. 3582(c)(2) in Light of Retroactive Effect of Amendment 782, filed on June 14, 2017. (Doc. 103.) Having reviewed the Motion, the record, and the applicable law, the Court finds the motion is not well-taken and should be **denied**.

**I. Background**

On September 9, 2016, Mr. Enriquez pled guilty to an Information charging a violation of 21 U.S.C. §§841(a)(1) and (b)(1)(C): Possession with Intent to Distribute a Mixture and Substance Containing a Detectable Amount of Methamphetamine. (Doc. 46 at 2.) Mr. Enriquez was held accountable for 373 grams of methamphetamine. (Doc. 64 ¶ 13.) According to the 2015 Guidelines Manual, his base offense level was 28. (*Id.* ¶ 18.) *See also* U.S.S.G. § 2D1.1 (assigning an offense level of 28 for an amount of "[a]t least 350 G but less than 500 G of Methamphetamine").

The Court sentenced Mr. Enriquez to 57 months imprisonment on March 21, 2017. (Doc. 87 at 2.) Mr. Enriquez did not appeal his sentence. He now moves for a reduction of sentence based on Amendment 782 to the Sentencing Guidelines. (*See* Doc. 103.)

## II.    Analysis

"When a 'motion for [a] sentence reduction is not a direct appeal or a collateral attack under 28 U.S.C. § 2255, the viability of [the] motion depends entirely on 18 U.S.C. § 3582(c).'" *United States v. Sharkey*, 543 F.3d 1236, 1238 (10th Cir. 2008) (quoting *United States v. Smartt*, 129 F.3d 539, 540 (10th Cir. 1997) (internal quotation and alteration omitted)). "Section 3582(c) provides that a 'court *may not* modify a term of imprisonment once it has been imposed except' in three limited circumstances." *Smartt*, 129 F.3d at 540–41 (quoting 18 U.S.C. § 3582(c); subsequent citation omitted). "First, upon motion of the Director of the Bureau of Prisons, a court may reduce the term of imprisonment if it finds special circumstances exist." *Id.* (citing 18 U.S.C. § 3582(c)(1)(A)(i), (ii)). "Second, a court may modify a sentence if such modification is 'otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure.'" *Id.* (quoting 18 U.S.C. § 3582(c)(1)(B)). "Finally, a court may modify a sentence if 'a sentencing range . . . has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o).'" *Id.* (quoting 18 U.S.C. § 3582(c)(2)). Mr. Enriquez asks the Court to reduce his sentence pursuant to this last provision.

Amendment 782 to the Guidelines went into effect "on November 1, 2014, and applies retroactively." *United States v. Goodwin*, 635 F. App'x 490, 493 (10th Cir. 2015). "The amendment 'reduced the base offense levels assigned to drug quantities in U.S.S.G. § 2D1.1, effectively lowering the Guidelines minimum sentences for drug offenses.'" *United States v. Kurtz*, 819 F.3d 1230, 1234 (10th Cir. 2016) (quoting *Goodwin*, 635 F. App'x at 493 (citing U.S.S.G., suppl. to app. C, amend. 782 (2014)); subsequent citation omitted). The 2015 Guidelines Manual, which was in effect on the date the probation officer drafted Mr. Enriquez's presentence report, incorporated Amendment 782. *See*, *e.g.*, U.S.S.G. §§ 1B1.10(d), 1B1.11. (*See*

*also* Doc. 64 ¶ 17.) Thus, Mr. Enriquez automatically benefited from Amendment 782, which was reflected in the base offense level assigned in § 2D1.1. Mr. Enriquez's Motion is, therefore, moot.

**THEREFORE,**

**IT IS ORDERED** that Defendant's Motion for Reduction of Sentence Pursuant to 18 U.S.C. 3582(c)(2) in Light of Retroactive Effect of Amendment 782, (Doc. 103) is **DENIED AS MOOT**.

_____
**ROBERT C. BRACK**
**UNITED STATES DISTRICT JUDGE**